UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BERG,

        Plaintiff,                    Case No. 2:17-cv-12362

v.                                        Judge Arthur J. Tarnow

INVACARE CORP.,

        Defendant.

| Kevin C. Riddle (P57435) | Matthew J. Stanczyk (P39559) |
|---|---|
| Craig E. Hilborn (P43661) | Plunkett Cooney |
| Attorneys for Plaintiff | Attorney for Defendant Invacare |
| Hilborn & Hilborn | 150 West Jefferson, Suite 800 |
| 999 Haynes, Suite 205 | Detroit, MI  48226 |
| Birmingham, MI 48009 | (313) 983-4819 |
| (248) 642-8350; (248)642-3016 | fax (248) 901-4040 |
| kevin@hilbornlaw.com; | mstanczyk@plunkettcooney.com |
| craig@hilbornlaw.com | |

**<u>DEFENDANT, INVACARE CORP.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND</u>**

      NOW COMES Defendant, Invacare Corp. (hereinafter Invacare), through its attorneys, Plunkett Cooney, and in response to plaintiff's complaint states as follows:

      1.     Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same as untrue.

      2.     Invacare admits the same.

3. Invacare does not contest the jurisdiction of this Court.

4. Invacare does not contest venue.

## GENERAL ALLEGATIONS

5. Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same as untrue.

6. Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same as untrue.

7. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

## COUNT I

8. Invacare incorporates by reference hereto its responses to paragraphs 1 through 7 as though more fully set forth herein word for word.

9. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

10. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

11. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue

    A. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

    B. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

    C. Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

      D.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

      E.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

      F.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

12.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

## COUNT II

13.   Invacare incorporates by reference hereto its responses to paragraphs 1 through 12 as though more fully set forth herein word for word.

14.   Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

15.   Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

16.   Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue

WHEREFORE, Invacare requests this Court dismiss Plaintiff's claims as to it with costs and attorney's fees awarded to this defendant so unjustly sustained.

## **COUNT III**

17.    Invacare incorporates by reference hereto its responses to paragraphs 1 through 16 as though more fully set forth herein word for word.

18.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

19.    Insofar as Plaintiff has failed to identify in any meaningful way the product involved other than it being a "patient lift", Invacare lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore, denies the same as untrue.

WHEREFORE, Invacare requests this Court dismiss Plaintiff's claims as to it with costs and attorney's fees awarded to this defendant so unjustly sustained.

                              Respectfully submitted,

PLUNKETT COONEY,

/S/Matthew J. Stanczyk
Matthew J. Stanczyk (P39559)
Attorney for Defendant Invacare
150 West Jefferson, Suite 800
Detroit, Michigan  48226
(313) 983-4823; fax (248) 901-4040
mstanczyk@PlunkettCooney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BERG,

        Plaintiff,                                Case No. 2:17-cv-12362

v.                                                 Judge Arthur J. Tarnow

INVACARE CORP.,

        Defendant.

| Kevin C. Riddle (P57435) | Matthew J. Stanczyk (P39559) |
|---|---|
| Craig E. Hilborn (P43661) | Plunkett Cooney |
| Attorneys for Plaintiff | Attorney for Defendant Invacare |
| Hilborn & Hilborn | 150 West Jefferson, Suite 800 |
| 999 Haynes, Suite 205 | Detroit, MI  48226 |
| Birmingham, MI 48009 | (313) 983-4819 |
| (248) 642-8350; (248)642-3016 | fax (248) 901-4040 |
| kevin@hilbornlaw.com; | mstanczyk@plunkettcooney.com |
| craig@hilbornlaw.com | |

## **DEFENDANT, INVACARE CORP.'S AFFIRMATIVE DEFENSES**

7

Defendant, Invacare Corp., through its attorneys, Plunkett Cooney, states it will rely upon the following affirmative defenses and demands reply thereto:

1. Plaintiffs' claims are barred in whole or in part due to plaintiffs' comparative negligence.

2. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(1).

4. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(2).

5. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(3).

6. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(4).

7. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(5).

8. 7. Plaintiffs' claims are barred in whole or in part by MCL 600.2947(6).

9. Plaintiffs' claims are barred in whole or in part by the obvious danger doctrine.

10. Plaintiffs' claims are barred in whole or in part by MCL 600.2948(1-3).

11. Plaintiffs' claims are barred in whole or in part by MCL 600.2955(a).

12. Plaintiffs' claims are barred in whole or in part as plaintiffs' injuries, if any, were caused by third parties not under the control of this defendant.

13. Plaintiffs' claims are barred in whole or in part as plaintiff was a sophisticated user of the product.

14. Plaintiffs' claims are barred in whole or in part by MCL 600.2946(a).

15. Plaintiffs' claims are barred in whole or in part by MCL 600.2946(2)-(4).

16. Plaintiffs' claims are barred in whole or in part by the collateral source rule.

17. Invacare reserves its right to list additional affirmative defenses as the same become known through the course of discovery.

                                              Respectfully submitted,

PLUNKETT COONEY,

/S/Matthew J. Stanczyk
Matthew J. Stanczyk (P39559)
Attorney for Defendant Invacare
150 West Jefferson, Suite 800
Detroit, Michigan  48226
(313) 983-4823; fax (248) 901-4040
mstanczyk@PlunkettCooney.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA BERG,

       Plaintiff,                         Case No. 2:17-cv-12362

v.                                            Judge Arthur J. Tarnow

INVACARE CORP.,

       Defendant.

| Kevin C. Riddle (P57435) | Matthew J. Stanczyk (P39559) |
|---|---|
| Craig E. Hilborn (P43661) | Plunkett Cooney |
| Attorneys for Plaintiff | Attorney for Defendant Invacare |
| Hilborn & Hilborn | 150 West Jefferson, Suite 800 |
| 999 Haynes, Suite 205 | Detroit, MI  48226 |
| Birmingham, MI 48009 | (313) 983-4819 |
| (248) 642-8350; (248)642-3016 | fax (248) 901-4040 |
| kevin@hilbornlaw.com; | mstanczyk@plunkettcooney.com |
| craig@hilbornlaw.com | |

## **DEFENDANT, INVACARE CORP.'S RELIANCE ON JURY DEMAND**

Defendant, Invacare Corp. through its attorneys, Plunkett Cooney, relies on the Jury Demand previously filed in this cause of action.

                                       Respectfully submitted,

                                       /S/Matthew J. Stanczyk
                                       Matthew J. Stanczyk (P39559)
                                       Attorney for Defendant Invacare
                                       150 West Jefferson, Suite 800
                                       Detroit, Michigan  48226
                                       (313) 983-4823; fax (248) 901-4040
                                       mstanczyk@PlunkettCooney.com

## **CERTIFICATE OF SERVICE**

I certify that on August 1, 2017, I electronically filed the foregoing Answer to Complaint, Affirmative Defenses, Reliance on Jury Demand and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to each counsel of record so registered with the United States District Court, and I served via email or U.S. Mail any counsel and/or parties in pro per not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid affixed thereon, addressed to such non-ECF participants at the address on record with this court, and depositing said envelope and its contents in a receptacle for the US Mail.

/S/Matthew J. Stanczyk
Matthew J. Stanczyk (P39559)
mstanczyk@PlunkettCooney.com

Open.19532.72091.18850407-1